**FILED**
**FEBRUARY 14, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 948**

| | | |
|---|---|---|
| ROBIN BROOKS, | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| BHANUMATHI RANGACHARI and | ) | Formerly case No. 2008 L 300, |
| LALITHA RAMAMURTHY, | ) | Circuit Court of Cook County, Illinois |
| | ) | |
| Defendants. | ) | |

**JUDGE CASTILLO**
**MAGISTRATE JUDGE COX**

### NOTICE OF FILING

To:  Clerk of the Court
     Circuit Court of Cook County
     Daley Center, Room 801
     Chicago, Illinois 60602

Lorna E. Propes
Propes & Kaveny LLC
833 West Jackson, Suite 200
Chicago, Illinois 60607

PLEASE TAKE NOTICE that on **February 14, 2008**, the United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, filed a Notice of Removal of a Civil Action in the above entitled action, a copy of which is submitted herewith.

Respectfully submitted,

PATRICK J. FITZGERALD,
United States Attorney

By: s/ Eileen M. Marutzky
    EILEEN M. MARUTZKY
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-1998
    eileen.marutzky@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN BROOKS, | ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) | Judge |
| BHANUMATHI RANGACHARI and LALITHA RAMAMURTHY, | ) ) ) ) | Formerly case No. 2008 L 300, Circuit Court of Cook County, Illinois |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND**
**SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:  Clerk of the Court                    Lorna E. Propes
     Circuit Court of Cook County          Propes & Kaveny LLC
     Daley Center, Room 801                833 West Jackson, Suite 200
     Chicago, Illinois 60602               Chicago, Illinois 60607

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 2679, and in support states the following:

1.  On January 10, 2008, plaintiff commenced the above civil action against Bhanumathi Rangachari and Lalitha Ramamurthy in the state court, alleging negligence. Copies of all process, pleadings and orders served upon the defendant are attached pursuant to 28 U.S.C. § 1446(a) as Exhibit A.

2.  This notice of removal is filed in accordance with 28 U.S.C. § 2679(d) upon certification by the designee of the Attorney General of the United States, that the defendants

Bhanumathi Rangachari and Lalitha Ramamurthy were acting within the scope of their employment as federal government employees at the time of the incident out of which the claim arose. *See* Certification attached as Exhibit B.

3. Notice of removal may be filed without bond at any time before trial. 28 U.S.C. § 2679(d)(2). Trial has not yet been had in this action.

4. Pursuant to the Certification by the Attorney General's designee and the filing of this notice of removal, this civil action shall be deemed an action against the United States under 28 U.S.C. § 2679, and the United States shall be substituted as the party defendant in lieu of Bhanumathi Rangachari and Lalitha Ramamurthy.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois is properly removed to this court pursuant to 28 U.S.C. § 2679(d), and the Unites States is substituted as defendant in lieu of Bhanumathi Rangachari and Lalitha Ramamurthy.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Eileen M. Marutzky
EILEEN M. MARUTZKY
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1998
eileen.marutzky@usdoj.gov

## CERTIFICATE OF SERVICE

Eileen M. Marutzky, one of the attorneys for the United States, hereby certifies that she caused a copy of the foregoing, **NOTICE OF FILING and NOTICE OF REMOVAL OF A CIVIL ACTION AND SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**, to be placed in a postage-paid envelope addressed to the following individual(s) and deposited in the United States mail in the United States Courthouse at Chicago, Illinois, on February 14, 2008:

To:  Clerk of the Court  
     Circuit Court of Cook County  
     Daley Center, Room 801  
     Chicago, Illinois 60602  

Lorna E. Propes  
Propes & Kaveny LLC  
833 West Jackson, Suite 200  
Chicago, Illinois 60607  

By: s/ Eileen M. Marutzky  
EILEEN M. MARUTZKY  
Assistant United States Attorney  
219 South Dearborn Street  
Chicago, Illinois 60604  
(312) 353-1998  
eileen.marutzky@usdoj.gov

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

ROBIN BROOKS,

                Plaintiff,

v.                         No.  2008L000309
                                      CALENDAR/ROOM
                                      TIME 00:00
BHANUMATHI RANGACHARI and      JURY DEMAND
LALITHA RAMAMURTHY,

                Defendants.

## COMPLAINT AT LAW

Plaintiff, ROBIN BROOKS, by her attorneys, Propes and Kavenys LLP, complains of defendants BHANUMATHI RANGACHARI and LALITHA RAMAMURTHY, as follows:

### COUNT I
(Bhanumathi Rangachari)

1.    Plaintiff ROBIN BROOKS is a 45-year-old woman residing in the County of Cook, State of Illinois.

2.    Defendant BHANUMATHI RANGACHARI (hereafter, "DR. RANGACHARI") is a physician, licensed to practice medicine in Illinois, who at all times relevant herein was engaged in the practice of diagnostic radiology.

3.    Defendant LALITHA RAMAMURTHY (hereafter, "DR. RAMAMURTHY") is a physician, licensed to practice medicine in Illinois, who at all times relevant herein was engaged in the practice of diagnostic radiology.

4.    On January 9, 2004, ROBIN BROOKS placed a telephone call to the Jesse Brown VA Medical Center (hereafter, "Jesse Brown VAMC") and spoke with Susan M. Howard, a registered nurse. ROBIN BROOKS told Ms. Howard that she had found a marble-sized lump in the left lower quadrant of her left breast. She told Ms. Howard that the breast lump was sore. Ms. Howard ordered a bilateral mammogram with coned compression view, a bilateral breast ultrasound study, and consultation with a breast surgeon.



DEFENDANT'S EXHIBIT A

5.  On January 15, 2004, ROBIN BROOKS underwent a bilateral mammogram with coned compression view of left breast at Jesse Brown VAMC. The mammogram was formally requested by Karen K. Davis, a registered nurse at Jesse Brown VAMC. Ms. Davis informed those individuals involved in performing and interpreting the mammogram that ROBIN BROOKS had found a marble-sized nodule in the left lower quadrant of her left breast on self breast examination.

6.  The mammogram with coned compression view of the left breast was interpreted by DR. RANGACHARI. According to DR. RANGACHARI's report, there was "a lobulated approximately 1.5 x 1.2 cm mass in the left breast anteriorly, slightly medial to the nipple." DR. RANGACHARI recommended further evaluation of the left breast mass with ultrasound.

7.  On January 26, 2004, ROBIN BROOKS underwent a bilateral breast ultrasound study at Edward Hines, Jr. VA Hospital (hereafter, "Hines VA Hospital). The ultrasound study was supervised and interpreted by DR. RAMAMURTHY. According to DR. RAMAMURTHY's report, "There are no discrete solid or cystic lesions in either breast, corresponding to the areas of mammographic abnormality." DR. RAMAMURTHY provided a diagnostic code pursuant to the American College of Radiology Breast Imaging Reporting and Data System (BI-RADS). DR. RAMAMURTHY categorized her findings as BI-RADS Category 3: "Probably Benign Finding; Short Interval Follow-Up Suggested."

8.  On September 1, 2006, ROBIN BROOKS underwent a second mammogram at South Suburban Hospital. Results of this mammogram revealed a 3 cm oval density with an obscured margin in the left breast.

9.  On October 5, 2006, ROBIN BROOKS underwent an ultrasound guided core biopsy of the mass in her left breast. Pathology of the biopsy specimen indicated a malignant mucinous carcinoma.

10.  On October 27, 2006, ROBIN BROOKS underwent a wide excision of the carcinoma of the left breast and left sentinel node biopsy. Pathology of the surgical specimen revealed invasive mucinous carcinoma, grade I, and lobular carcinoma-in-situ, with tumor in the margins. The size of the malignant tumor was 2.5 x 2.3 x 2.0 cm. The

tumor was classified as a T2 N0, according to the TNM system, or Stage II, according to the AJCC system.

11. Subsequent to the surgical excision of the carcinoma, ROBIN BROOKS underwent chemotherapy for her cancer.

12. At all relevant times, BHANUMATHI RANGACHARI owed a duty to ROBIN BROOKS to possess and apply the knowledge, skill and care ordinarily used by a reasonably well-qualified radiologist under the same or similar circumstances.

13. In breach of this duty, defendant BHANUMATHI RANGACHARI was negligent in one or more of the following respects:

  a. Failed to recognize and report in her interpretation of the 1/15/04 mammographic study that a mass approximating 2 cm in greatest diameter in the left upper inner quadrant demonstrated indistinct margins that was suspicious for malignancy;

  b. Failed to recommend a biopsy based on the characteristics of this mass;

  c. Failed to reconcile the clinical history of a palpable lump with the mammographic findings; and

  d. Was otherwise negligent.

14. The aforesaid negligence of defendant BHANUMATHI RANGACHARI proximately caused a two and one-half year delay in diagnosis of cancer of the left breast of the plaintiff. This delay in diagnosis allowed the malignancy to grow and advance in stage, lessening ROBIN BROOKS' chances of long-term survival.

15. As a further direct and proximate result of the aforesaid negligence of defendant BHANUMATHI RANGACHARI, ROBIN BROOKS has suffered permanent personal and pecuniary injuries, and experienced and continues to experience substantial pain, suffering and disability.

16. Prior to October 5, 2006, ROBIN BROOKS neither knew, nor through the use of reasonable diligence should have known, of her injuries or that her injuries were wrongly caused by the defendant.

WHEREFORE, Plaintiff ROBIN BROOKS prays that this Court enter judgment in her favor and against BHANUMATHI RANGACHARI in an amount in excess of

3

$50,000.00 plus costs, and for such other and further relief as this Court deems fair and just.

## COUNT II
### (Lalitha Ramamurthy)

1.-11. Plaintiff ROBIN BROOKS re-alleges paragraphs 1-11 of Count I of this Complaint at Law as paragraphs 1-11 of Count II and hereby incorporates them as though fully set forth herein.

12. At all relevant times, LALITHA RAMAMURTHY owed a duty to ROBIN BROOKS to possess and apply the knowledge, skill and care ordinarily used by a reasonably well-qualified radiologist under the same or similar circumstances.

13. In breach of this duty, defendant LALITHA RAMAMURTHY was negligent in one or more of the following respects:

   a. Performed an ultrasound of many areas but failed to document a primary effort in targeted ultrasound of the location of the suspicious mammographic mass;

   b. Failed to report that the absence of any ultrasound finding in the area of suspicious mammographic findings requires that the suspicious mammographic findings be recognized for purposes of performing a biopsy;

   c. Failed to reconcile the palpable findings to the ultrasound findings; and

   d. Was otherwise negligent.

14. The aforesaid negligence of defendant LALITHA RAMAMURTHY proximately caused a two and one-half year delay in diagnosis of cancer of the left breast of the plaintiff. This delay in diagnosis allowed the malignancy to grow and advance in stage, lessening ROBIN BROOKS' chances of long-term survival.

15. As a further direct and proximate result of the aforesaid negligence of defendant LALITHA RAMAMURTHY, ROBIN BROOKS has suffered permanent personal and pecuniary injuries, and experienced and continues to experience substantial pain, suffering and disability.

16. Prior to October 5, 2006, ROBIN BROOKS neither knew, nor through the use of reasonable diligence should have known, of her injuries or that her injuries were wrongly caused by the defendant.

WHEREFORE, Plaintiff ROBIN BROOKS prays that this Court enter judgment in her favor and against LALITHA RAMAMURTHY in an amount in excess of $50,000.00 plus costs, and for such other and further relief as this Court deems fair and just.

PLAINTIFFS DEMAND TRIAL BY JURY

Respectfully Submitted,

ROBIN BROOKS

By: _____
One of Her Attorneys

Lorna E. Propes
Propes & Kaveny LLC
833 W. Jackson, Ste. 200
Chicago, Illinois 60607
(312) 334-3100
Atty. No. 29050

5

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROBIN BROOKS, <br><br> Plaintiff, <br><br> v. <br><br> BHANUMATHI RANGACHARI and LALITHA RAMAMURTHY, <br><br> Defendants. | No. <br><br> JURY DEMAND |

### AFFIDAVIT OF LORNA PROPES PURSUANT TO 735 ILCS 5/2-622

I, LORNA PROPES, an attorney for the plaintiff in this cause of action, make oath and say:

1. I have consulted and reviewed the facts of the case with a health professional who I reasonably believe: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case..

2. The reviewing health professional has determined in a written report, after a review of the medical records involved in the particular action that there is a reasonable and meritorious cause for the filing of this action against BHANUMATHI RANGACHARI and LALITHA RAMAMURTHY.

3. I have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action against these medical providers.

FURTHER AFFIANT SAYETH NOT.

_____
LORNA PROPES

Subscribed and sworn to before me
this _____ day of January, 2008.

"OFFICIAL SEAL"
DAVID R NORDWALL
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 05/11/08

Lorna E. Propes
Propes & Kaveny LLC
833 W. Jackson Boulevard, Suite 200
Chicago, Illinois 60607
(312) 334-3100
Attorney No. 38679

# HEALTH PROFESSIONAL WRITTEN REPORT
# RE: ROBIN BROOKS V. BHANU RANGACHARI

1. I am a physician, licensed to practice medicine in California. I am board certified by the American Board of Radiology.

2. I am knowledgeable in the relevant issues involved in this case and knowledgeable and qualified by training and experience in the subject matter of this case, in particular with respect to the standard of care.

3. I have reviewed the mammographic and ultrasound images and reports from 1/15/04, 1/26/04, 10/5/06, and 3/27/07.

4. Based upon my review of these images and records, I have determined that the performance and interpretation of the bilateral mammographic study of 1/15/04, conducted by Bhanu Rangachari was below the accepted standard of care in the medical care provided to Robin Brooks.

5. Dr. Bhanu Rangachari violated the standard of care when she:

    a. Failed to recognize and report in her interpretation of the 1/15/04 mammographic study that a mass approximating 2 cm in greatest diameter in the left upper inner quadrant demonstrated indistinct margins that was suspicious for malignancy;

    b. Failed to recommend a biopsy based on the characteristics of this mass; and

    c. Failed to reconcile the clinical history of a palpable lump with the mammographic findings.

6. In my opinion, the violations of the standard of care described in the above paragraphs were associated with a delay in diagnosis of cancer in the left breast.

7. Based upon my review, I have determined that a reasonable and meritorious cause for the filing of this action exists.

# HEALTH PROFESSIONAL WRITTEN REPORT
# RE: ROBIN BROOKS V. LALITHA RAMAMURTHY

1. I am a physician, licensed to practice medicine in California. I am board certified by the American Board of Radiology.

2. I am knowledgeable in the relevant issues involved in this case and knowledgeable and qualified by training and experience in the subject matter of this case, in particular with respect to the standard of care.

3. I have reviewed the mammographic and ultrasound images and reports from 1/15/04, 1/26/04, 10/5/06, and 3/27/07.

4. Based upon my review of these images and records, I have determined that the performance and interpretation of the ultrasound study of 1/26/04 by Lalitha Ramamurthy was below the accepted standard of care in the medical care provided to Robin Brooks.

5. Dr. Lalitha Ramamurthy violated the standard of care when she:

    a. Performed an ultrasound of many areas but failed to document a primary effort in targeted ultrasound of the location of the suspicious mammographic mass;

    b. Failed to report that the absence of any ultrasound finding in the area of suspicious mammographic findings requires that the suspicious mammographic findings be recognized for purposes of performing a biopsy; and

    c. Failed to reconcile the palpable findings to the ultrasound findings.

6. In my opinion, the violations of the standard of care described in the above paragraphs were associated with a delay in diagnosis of cancer in the left breast.

7. Based upon my review, I have determined that a reasonable and meritorious cause for the filing of this action exists.

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (         )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2008L000300
CALENDAR/ROO
TIME 00:00
Medical Ma

ROBIN BROOKS,

Plaintiff,

No.

v.

BHANUMATHI RANGACHARI and LALITHA RAMAMURTHY,

Defendants.

**PLEASE SERVE:**

SEE REVERSE SIDE

## SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court in the following location:

Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

You must file within thirty (30) days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

WITNESS_____, 2008

_____
Clerk of Court

| Attorney No.: | 38679 |
| Name: | PROPES & KAVENY LLC |
| Attorney for: | Plaintiff |
| Address: | 833 West Jackson Blvd, Ste 200 |
| City/State/Zip: | Chicago, IL 60607 |
| Telephone: | (312) 334-3100 |

Date of service:_____, 2008
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at:_____
(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## CERTIFICATION

Pursuant to the provisions of 28 U.S.C. § 2679, as amended, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Robin Brooks v. Bhanumathi Rangachari and Lalitha Ramamurthy*, No. 2008 L 000300 (Circuit Court of Cook County, Illinois), and that on the basis of the information now available with respect to the incidents referred to therein, I certify that Doctors Bhanumathi Rangachari and Lalitha Ramamurthy were acting within the scope of their employment as employees of the United States at the time of the incidents out of which the claims arose.

Dated: February 13, 2008

_____
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
   for the Northern District of Illinois

